[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PLAINTIFF'S MOTION FOR MODIFICATION (#118) DEFENDANT'S MOTION FOR COUNSEL FEES (#128)
Plaintiff's Motion for Modification (#118)
The defendant is presently paying the sum or $155.00 per week as child support for the benefit of the minor child of the parties, who is six years old. The plaintiff is requesting an increase in this order, alleging that her financial circumstances have changed since the current order was entered.
After considering the presentations of the parties and the evidence offered, the court finds the following:
1. The gross income of the plaintiff at the time of dissolution of the marriage, when the current child support order was entered, was $64,584 per annum; at that time, the gross income of the defendant was $48,416.
2. Presently, the gross income of the plaintiff is $48,100 and the gross income of the defendant is $54,360.
3. The gross income of the plaintiff has been reduced because of the plaintiff's election to work part time.
4. For child support guidelines purposes, the court makes the following computations:
Gross Income Plaintiff Defendant
Salary $925.00 $962.50
Trust Income $137.30 less: Loan $112.73 24.57
Int/Div 20.37 Car/Disb Allow. 37.96 ________ _________ total gross income $925.00 $1045.40
Federal Income Tax $ 71.19 $134.75 State/City Taxes $ 40.76 $ 64.14 CT Page 9829 Social Security Tax $ 70.77 $ 73.98 Group Life Premiums $ 17.63 $ .60 Other Child Support $ 130.00 ________ _________ total deductions $200.35 $ 403.47 ________ _________ Net Income $724.65 $ 641.93
Combined Weekly Net $1370.00 Income Total Child Support $ 303.00 % Share (each parent) Plaintiff Defendant 52 48 Obligations $ 145.44
Application of the child support guidelines to the incomes of the parties as found by the court indicates the defendant's obligation is $145.00 per week. The current order is $155.00 per week. Therefore, the plaintiff has failed to sustain her burden of proof as to her entitlement to an increase in child support if the guidelines are used.
Further, the plaintiff has failed to sustain her burden of proof that a substantial change in her circumstances has occurred. The plaintiff's earning capacity has not changed since the dissolution of the marriage. A consideration of the criteria in Connecticut General Statutes, section 46b-84(b) does not aid her cause.
The plaintiff's Motion for Modification (#118) is denied.
Defendant's Motion for Counsel Fees (#128
Defendant's motion is denied.
So ordered.
NOVACK, J.